Argued September 8, affirmed December 23, 1976

VASQUEZ, *Appellant,*

*v.*

COURTNEY et al, *Respondents.*

(No. 30612, SC 24355)

557 P2d 672

*Harold W. Adams,* Salem, argued the cause and filed a brief for appellant.

*Edward H. Warren,* Portland, argued the cause for respondents. With him on the brief were Michael A. Lehner, and Hershiser, Mitchell & Warren, Portland.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell, Bryson and Lent, Justices.

PER CURIAM.

**PER CURIAM.**

This is an action for libel which arises out of a letter sent by the defendants, deputy sheriffs of Yamhill County, to a parole officer of the Oregon State Corrections Division. The parole officer was conducting a supplemental presentence investigation in connection with plaintiff's conviction on charges of criminal activity in drugs. Plaintiff's complaint alleged that the letter "falsely, maliciously, intentionally and incorrectly accused Plaintiff of a series of illegal acts" involving extensive drug activities. Defendants interposed a demurrer which raised the defense of absolute privilege on the grounds that the alleged libel took place within the course of a judicial proceeding. The trial judge concluded that the letter was absolutely privileged because:

> "The statements in question were made in the course of a 'judicial proceeding,' since the process of sentencing and the making of presentence reports to assist the judge in that process clearly fall within the scope of a complete criminal case."

He sustained the demurrer, and plaintiff appealed to this court.

The only issue on appeal is whether the alleged libel took place within the course of a judicial proceeding and, therefore, is absolutely privileged. "When defamatory matter is absolutely privileged no cause of action exists even though the defamatory matter is uttered maliciously, as well as falsely." *Moore v. West Lawn Mem'l Park,* 266 Or 244, 249, 512 P2d 1344 (1973).

Absolute immunity attaches to all statements made in the course of, or incidental to, a judicial proceeding, so long as they are relevant to the proceedings. *Ramstead v. Morgan,* 219 Or 383, 388, 347 P2d 594, 77 ALR2d 481 (1959). Sentencing a criminal defendant is clearly a judicial function and an integral part of the overall criminal case. Similarly, the presentence investigative report is an important aspect of the

sentencing process. The report is prepared by a probation officer at the direction of the court for use in determining an appropriate sanction in a particular case. *See* ORS 137.090 and ORS 137.590. It is clear that the preparation of such an investigative report is closely related to the sentencing process and is an incidental aspect of the criminal proceeding itself. Moreover, in our view, there is as important a public need for the frank disclosure of relevant information during the preparation of the presentence report as there is during other phases of the criminal case. Therefore, we believe that the same rule should apply and that the disclosure of relevant information to an officer engaged in the preparation of a presentencing report is absolutely privileged. *See Ramstead v. Morgan, supra* at 387:

> " '* * * [T]here are certain relations in life in which it is so important that the persons engaged in them should be able to speak freely that the law takes the risk of their abusing the occasion and speaking maliciously as well as untruly, and in order that their duties may be carried on freely and without fear of any action being brought against them, it says: "We will treat as absolutely privileged any statement made in the performance of these duties." ' *Moore v. Weaver,* 2 K B 520, 521 (1928). * * *"

*See also* W. Prosser, The Law of Torts 777-780, § 114 (4th ed 1971).

Affirmed.